# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA VOIGHT,<br>Individually and on behalf<br>of all others similarly situated, | : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | Case No.:  2:23-cv-1455 |
| v. | : <br> : <br> : | |
| BOB COCHRAN MOTORS, INC.; #1 COCHRAN BUICK GMC, INC.; COCHRAN AUTO BODY & SERVICE, LLC; COCHRAN COLLISION OF CRANBERRY, LLC; COCHRAN COLLISION OF GREENSBURG, LLC; COCHRAN INFINITY, INC.; COCHRAN MOTORS, INC.; COCHRAN OLDSMOBILE, INC.; COCHRAN SATURN, INC.; COCHRAN SOUTH HILLS, INC.; #1 COCHRAN INFINITY OF SOUTH HILLS, INC.; COCHRAN INFINITI, INC.; COCHRAN SATURN, INC.; REC28, INC.; RCVW, INC.; AV AUTOMOTIVE, INC.; COCHRAN IMPORTS, INC.; COCHRAN 2756, INC.; COCHRAN FAR, INC.; AV FORD, INC.; RC20, INC.; COCHRAN GLWC INVESTMENTS, LLC; REC18, INC.; REC76, INC.; REC46, INC.; REC21, INC.; REC27, INC.; REC24, INC.; REC25, INC.; REC23, INC.; REC26, INC.; AVMH, INC.; CANONSBURG COLLISION, LLC; WASHINGTON COLLISION, LLC; NORTH HILLS COLLISION, LLC, collectively d/b/a # 1 COCHRAN, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **FLSA COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>Filed on Behalf of Plaintiff and Class:<br><br>Amanda Voight<br><br>Counsel of Record for this Party:<br><br>**J.P. WARD & ASSOCIATES, LLC**<br><br>Joshua P. Ward<br><br>Pa. I.D. No. 320347<br><br>Justin M. Bahorich<br><br>Pa. I.D. No. 329207<br><br>J.P. Ward & Associates, LLC.<br>The Rubicon Building<br>201 South Highland Avenue<br>Suite 201<br>Pittsburgh, PA 15206<br><br>Telephone:   (412) 545-3016<br>Fax No.:       (412) 540-3399<br>E-mail: jward@jpward.com<br>             jbahorich@jpward.com |
| **both jointly and severally,**<br><br>**Defendants.** | | |

# FLSA COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, AMANDA VOIGHT (hereinafter, "Plaintiff" or "Representative Plaintiff"), individually and on behalf of all other similarly situated person, by and through the undersigned counsel, J.P Ward & Associates, LLC, and, specifically, Joshua P. Ward, Esquire and Justin M. Bahorich, Esquire, hereby files the within FLSA Collective and Class Action Complaint against Defendants, the #1 Cochran Family of Companies, as described herein:

## PARTIES

1. Plaintiff, Amanda Voight, is an adult individual who currently resides in Allegheny County, Pennsylvania.

2. Defendants herein, including Bob Cochran Motors, Inc.; #1 Cochran Buick GMC, Inc.; COCHRAN AUTO BODY & SERVICE, LLC; Cochran Collision of Cranberry, LLC; Cochran Collision of Greensburg, LLC; Cochran Infinity, Inc.; Cochran Motors, Inc.; Cochran Oldsmobile, Inc.; Cochran Saturn, Inc.; Cochran South Hills, Inc.; #1 Cochran Infinity of South Hills, Inc.; Cochran Infiniti, Inc.; Cochran Saturn, Inc.; REC28, Inc.; RCVW, Inc.; AV Automotive, Inc.; Cochran Imports, Inc.; Cochran 2756, Inc.; Cochran FAR, Inc.; AV Ford, Inc.; RC20, Inc.; Cochran GLWC Investments, LLC; REC18, Inc.; REC76, Inc.; REC46, Inc.; REC21, Inc.; REC27, Inc.; REC24, Inc.; REC25, Inc.; REC23, Inc.; REC26, Inc.; AVMH, Inc.; Canonsburg Collision, LLC; Washington Collision, LLC; North Hills Collision, LLC collectively operate and conduct business under the trade name '#1 Cochran.' The vast majority of these entities, each either a Pennsylvania corporation or limited liability company, have their registered offices at 4520 William Penn Highway, Monroeville, PA 15146, with a number of them maintaining additional physical locations throughout the state. Collectively, they constitute the '#1 Cochran

Family of Companies' and are known for their collaborative business endeavors under this unified trade name.

## JURISDICTION AND VENUE

3. Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Labor Standards Act of 1938 ("FLSA" – 29 U.S.C. §§ 201 *et. seq.*) and the Pennsylvania Minimum Wage Act ("PMWA" – 43 P.S. §§ 333.101 *et seq.*), and the Pennsylvania Wage Payment and Collection Law ("WPCL" – 43 Pa. 329 *et seq.*).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at a business located within this district.

5. This Court has federal jurisdiction over the state law claim pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

6. This Court also has supplemental jurisdiction over the Pennsylvania PMWA, WPCL, and Common-law Class pursuant to 28 U.S.C. § 1367(a).

## CLASS ALLEGATIONS

7. Plaintiff brings this collective and class action to recover from Defendants, unpaid overtime wages, liquidated damages, and the cost of reasonable attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), the Pennsylvania Minimum Wage Act, 43 P.S. § 333.113, the Wage Payment and Collection Law, 43 Pa. Stat. § 260.9a(b) and § 260.9a(f), and Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all similarly situated persons composed of the following putative classes:

    a. **FLSA Collective Class:**

All persons employed by Bob Cochran Motors, Inc. and/or #1 Cochran Buick GMC, Inc. d/b/a #1 Cochran, or any other subsidiary or affiliated company of Bob Cochran Motors, Inc. and/or #1 Cochran Buick GMC, Inc., as a Collision Technician or any other title used to describe the same position of employee (hereinafter, "Collision Technician"), working under a piece-rate payment structure, that received less than one and one half times the base rate of pay for hours worked over 40 per work week, at any time from the period of three years prior up and until the present, who worked anywhere in the United States and its territories.

    b. **Pennsylvania PMWA, WPCL, and Common-law Class:**

All persons employed by Bob Cochran Motors, Inc. and/or #1 Cochran Buick GMC, Inc. d/b/a #1 Cochran, or any other subsidiary or affiliated company of Bob Cochran Motors, Inc. and/or #1 Cochran Buick GMC, Inc., as a Collision Technician or any other title used to describe the same position of employees (hereinafter, "Collision Technician"), working under a piece-rate payment structure, that received less than one and one half times the base rate of pay for hours worked over 40 per work week, at any time from the period of three years prior up and until the present, who worked in Pennsylvania.

8. Excluded from the classes are Defendants, including all their past or present officers, any judge who presides over this action, and any attorneys who enter their appearance in this action.

9. Plaintiff reserves the right to expand, limit, modify, or amend the putative classes' definitions, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

10. Plaintiff, and all other similarly situated individuals were, or are now, employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

11. Plaintiff and similarly situated individuals were, or are now, classified as non-exempt employees under the FLSA. Collision Technicians are not exempt from the mandatory

4

overtime provisions of the FLSA. *See Helix Energy Solutions Group, Inc. v. Hewitt*, 598 U.S. 39 (2023).

12.     The FLSA § 218(a) mandates that when state or local law provide greater labor protections, the state or local law governs. Accordingly, Plaintiff also brings this class action for unpaid overtime wages pursuant to Fed. R. Civ. P. 23 *et seq.* and state law claims on behalf of members of the Pennsylvania PMWA, WPCL, and Common-law Class.

13.     Pursuant to Fed. R. Civ. P. 23(a)(1) and Pa. R. Civ. P. 1702(1), the members of the putative classes are so numerous that individual joinder of all class members is impracticable.

14.      Pursuant to Fed. R. Civ. P. 23(a)(2) and Pa. R. Civ. P. 1702(2), this action involves questions of law and fact that are common to the class members and predominate over questions affecting only individual Class Members. Such common questions include, but are not limited to:

   a. Whether Defendants' flat-rate compensation structure is a piece-rate basis subject to overtime protection under the FLSA, PMWA, WPCL and common law.

   b. Whether Defendants failed to compensate Collision Technicians for overtime worked in violation of the FLSA, PMWA, WPCL and common law.

   c. Whether Plaintiff and the Classes are entitled to declaratory or injunctive relief.

15.     Pursuant to Fed. R. Civ. P. 23(a)(3) and Pa. R. Civ. P. 1702(3), Plaintiff's claims are typical of the members of the putative classes, as she was employed after August 1, 2020, received a flat rate per job not based on a percentage commission, and was classified as hourly non-exempt under the FLSA. Plaintiff's and the putative class members' claims arise out of the same flat rate pay structure used by Defendants.

5

16. Pursuant to Fed. R. Civ. P. 23(a)(4) and Pa. R. Civ. P. 1702(4), Plaintiff will fairly and adequately protect the interests of the putative classes, is ready and willing to do so, and has retained counsel that is experienced and competent in class action, collective action, and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, the members of the putative classes. Further, Plaintiff has adequate financial means to vigorously pursue this action and ensure the interests of the classes will not be harmed.

17. Pursuant to Fed. R. Civ. P. 23(b)(1) and Pa. R. Civ. P. 1708, a class action would ensure that members of the putative classes would not continue to suffer the harm resulting from Defendants' unlawful pay structure. Specifically, a class action would remove the risk of establishing incompatible standards of conduct for Defendant, who continues to utilize the same pay structure. Additionally, adjudications with respect to individual class members would, as a practical matter, substantially impair or impede the ability of individual class members to protect their interests.

18. Pursuant to Fed. R. Civ. P. 23(b)(3) and Pa. R. Civ. P. 1708, the questions of law or fact common to putative class members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The damages suffered by individual members of the classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the classes to individually seek redress for the wrongs done to them. Additionally, given the numerosity of putative class members, the court system would be overburdened by repetitive claims and potentially inconsistent outcomes.

19. All members of the putative classes are ascertainable. Defendants have access to all putative class members' names and addresses who were affected by Defendants' unlawful pay structure.

20. In the course of employment with Defendants, Plaintiff, and all other employees in the putative classes, regularly worked over 40 hours per week but were not paid the required overtime wage for those hours in addition to their weekly piecework earnings.

21. Defendants carelessly, recklessly, and willfully failed to institute a flat-rate payment structure that was lawful under the FLSA, PMWA and WPCL.

## PLAINTIFF AMANDA VOIGHT

22. Plaintiff, Amanda Voight, began working for Defendants as a Collision Technician on August 5, 2019.

23. Plaintiff's duties primarily involve painting vehicles.

24. Plaintiff and similarly situated individuals are paid at a billable rate of $15 to $30 per hour, with a flat rate per job based on the billable rate.

25. Plaintiff and similarly situated individuals are provided with a work-order which quotes the number of hours that the particular paint-job will pay, if accepted.

26. Plaintiff and similarly situated individuals are paid for the hours quoted on the work-order regardless.

27. The bi-weekly pay is calculated by aggregating the number of pre-agreed hourly rates for jobs that Plaintiff and her similarly situated peers accept and successfully accomplish.

28. Defendants do not provide a clock-in or clock-out system for Plaintiff or her colleagues.

29. Plaintiff and similarly situated individuals do or did not receive any compensation for overtime worked in addition to their weekly earnings for completed jobs at the piece-rate.

30. Defendants' flat-rate payment structure results in Plaintiff and similarly situated individuals earning less than one and one-half base hourly rate for all hours worked above 40 hours per week.

31. Specifically, Plaintiff worked an average of nine and one half (9.5) hours per day, typically five or more days per week.

32. Plaintiff worked at Defendants' Allegheny Valley location from August 5, 2019 until May 1, 2023, after which Plaintiff transferred to the Monroeville location.

33. Plaintiff remains employed by Defendants.

## DEFENDANT'S LOCATIONS

34. Plaintiff alleges that #1 Cochran is a large auto sales and collision repair company operating numerous locations.

35. Upon information and belief, #1 Cochran operates the following locations:

- **Audi Pittsburgh:** 2050 Liberty Avenue, Pittsburgh, PA 15222
- **Audi Washington:** 453 Racetrack Rd, Washington, PA 15301
- **#1 Cochran Buick, Cadillac Monroeville:** 4520 William Penn Hwy, Monroeville, PA 15146
- **#1 Cochran Buick Robinson:** 5200 Campbells Run Road, Pittsburgh, PA 15205
- **#1 Cochran Buick Youngstown:** 7997 MARKET ST, BOARDMAN, OH 44512
- **#1 Cochran Chevrolet Cranberry:** 22010 Perry Highway, Zelienople, PA 16063

- **#1 Cochran Chevrolet Youngstown:** 8010 MARKET ST, BOARDMAN, OH 44512
- **#1 Cochran Chrysler, Dodge, Ford, and Ram Allegheny Valley:** 110 Route 908, Natrona Heights, PA 15065
- **#1 Cochran Ford Butler County:** 400 S Main St, Butler, PA 16001
- **#1 Cochran Ford Monroeville:** 3696 William Penn Hwy, Monroeville, PA 15146
- **#1 Cochran Honda Johnstown:** 1920 Bedford St., Johnstown, PA 15904
- **#1 Cochran Hyundai South Hills:** 3220 West Liberty Avenue, Pittsburgh, PA 15216
- **#1 Cochran Mazda North Hills:** 11740 U.S. 19, Wexford, PA 15090
- **#1 Cochran Nissan Cranberry:** 22030 Perry Highway, Zelienople, PA 16063
- **#1 Cochran Nissan Boardman:** 7809 Market Street, Youngstown, OH 44512
- **#1 Cochran Nissan Monroeville:** 3355 William Penn Hwy., Pittsburgh, PA 15235
- **#1 Cochran Nissan South Hills:** 3200 West Liberty Avenue, Pittsburgh, PA 15216
- **#1 Cochran Nissan West Hills:** 7900 University Blvd., Coraopolis, PA 15108
- **#1 Cochran Subaru Butler County:** 861 PA-68, Renfrew, PA 16053
- **Cochran Toyota:** 12204 U.S. 30, North Huntingdon, PA 15642
- **#1 Cochran Volkswagen North Hills:** 11750 Route 19 North, Wexford, PA 15090

9

- **#1 Cochran Volkswagen South Hills:** 2755 W Liberty Ave., Pittsburgh, PA 15216

- **Cranberry Body by Cochran:** 102 Park Road, Cranberry Township, PA 16066

- **Greensburg Body by Cochran:** 1 Cochran Lane, Greensburg, PA 15601

- **Monroeville Body by Cochran:** 318 Old Haymaker Road, Monroeville, PA 15146

- **Washington Body by Cochran:** 150 Racetrack Rd., Washington, PA 15301

- **White Oak Body by Cochran:** 2246 Lincoln Way, White Oak, PA 15131

- **Canonsburg Body by Cochran:** 557 W. Pike St., Canonsburg, PA 15317

- **Castle Shannon Body by Cochran:** 862 Sleepy Hollow Road, Castle Shannon, PA 15234

36. Plaintiff further alleges that, upon information and belief, each of these locations employs one or more Collision Technicians.

**COUNT I**
**FAILURE TO PAY OVERTIME**
**IN VIOLATION OF THE FLSA**
*(Plaintiff, on behalf of herself and similarly situated individuals, v. Defendants, jointly and severally)*

37. Plaintiff incorporates the allegations contained in the paragraphs above, as if fully set forth herein.

38. The FLSA requires payment at a rate of one-and-a-half times base hourly rate for non-exempt employees for all hours worked in excess of 40 hours per work week. 29 U.S.C. § 207(a)(1).

39. Pursuant to 27 C.F.R. § 778.111, when an employee is employed on a piece-rate basis, she is entitled to be paid a sum equivalent to one-half the regular rate of pay multiplied by

the number of hours worked in excess of 40 in the week *in addition* to the total weekly earnings at the regular rate.

40. Plaintiff and similarly situated individuals are or were employees of Defendants, as defined by 29 U.S.C. § 203(e)(1).

41. Defendants were or are employers of Plaintiff and similarly situated individuals, as defined by 29 U.S.C. § 203(d).

42. Plaintiff and similarly situated individuals are or were non-exempt under the FLSA.

43. Plaintiff and similarly situated individuals worked under a piece-rate compensation structure.

44. However, Plaintiff and similarly situated individuals did not receive overtime payments in addition to their weekly earnings at their regular rate, at a rate of one half their regular rate for all hours worked in excess of 40 per work week, as required by the FLSA.

45. Defendants' actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

46. As a direct and proximate result of the aforementioned conduct, Plaintiff and similarly situated individuals suffered actual damages.

## COUNT II
## FAILURE TO PAY OVERTIME
## IN VIOLATION OF THE PMWA
*(Plaintiff, on behalf of herself and the Pennsylvania PMWA, WPCL, and Common-law Class, v. Defendants, jointly and severally)*

47. Plaintiff incorporates the allegations contained in the paragraphs above, as if fully set forth herein.

48. Plaintiff and members of the Pennsylvania PMWA, WPCL, and Common-law Class are, or were, employees of Defendants within the meaning of the PMWA.

49. Defendants were, or were, employers within the meaning of the PMWA.

50. Plaintiff and members of the Pennsylvania PMWA, WPCL, and Common-law Class are or were non-exempt employees within the meaning of the PMWA.

51. Plaintiff and members of the Pennsylvania PMWA, WPCL, and Common-law Class worked at a piece-rate but were not compensated at one and a half times their piece-rate for time worked in excess of 40 hours per work week, as required under the PMWA.

52. Defendant's actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

53. As a direct and proximate result of the aforementioned conduct, Plaintiff and members of the Pennsylvania PMWA, WPCL, and Common-law Class suffered actual damages.

## COUNT III
## FAILURE TO PAY OVERTIME
## IN VIOLATION OF THE WPCL
*(Plaintiff, on behalf of herself and the Pennsylvania PMWA, WPCL, and Common-law Class, v. Defendants, jointly and severally)*

54. Plaintiff incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

55. The Pennsylvania Wage Payment and Collection Law "provides a right of action" to any employee to whom "any type of wages" are payable, including earnings, fringe benefits, or wage supplements. *Toppy v. Passage Bio, Inc.*, A.3d 672, 689 (PA. Super. 2022).

56. Furthermore, the civil provisions of the WPCL are to be "liberally construed." *Id.*

57. Under the WPCL, the definition of employer "includes every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agents or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. § 260.2a.

58. Pennsylvania courts have narrowed the definition of employee accordingly: "those who work in Pennsylvania can sue under the Pennsylvania statute, but those who do not work in Pennsylvania cannot." *Id.* (*citing Killian v. McCulloch*, 873 F. Supp. 938, 942 (E.D. Pa. 1995)).

59. Plaintiff and the Pennsylvania PMWA, WPCL, and Common-law Class are or were employees of Defendants under the WPCL.

60. Defendants were or are employers of Plaintiff and the Pennsylvania PMWA, WPCL, and Common-law Class under the WPCL.

61. Plaintiff and the Pennsylvania PMWA, WPCL, and Common-law Class did not receive any overtime compensation additional to their piece-rate compensation when they worked more than 40 hours per week.

62. As set forth hereinabove, Defendants' actions were intentional, willful, wanton, and so outrageous as to shock the conscience.

63. Defendants' actions were the proximate cause of Plaintiff's, and the Pennsylvania PMWA, WPCL, and Common-law Class's, harm, injuries, and damages.

### COUNT IV
### UNJUST ENRICHMENT
*(Plaintiff and similarly situated individuals v. Defendants, jointly and severally)*
*(Pled in the alternative)*

64. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

65. Plaintiff and similarly situated individuals had an expectation of payment from Defendant.

66. Plaintiff and similarly situated individuals conferred a benefit upon Defendants.

67. Defendants appreciated the benefit of Plaintiff's and similarly situated individuals' time and efforts.

68.   It would be manifestly unjust if the Defendants' acceptance and retention of such benefits were permitted without payment of value to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Amanda Voight, on her own behalf and on behalf of the Class Members, respectfully requests this Honorable Court enter judgment in favor of Plaintiff and similarly situated individuals, and against Defendants, jointly and severally, as follows:

a. For an Order Conditionally Certifying the Putative Class under Rule 23(c) of the Federal Rules of Civil Procedure;

b. For an Order Conditionally Certifying the FLSA Collective Class;

c. Pursuant to 29 U.S.C. § 216(b), sending prompt notice of this litigation to all potential Class members;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiff and the FLSA Class members for liquidated damages equal in amount to their unpaid compensation;

e. For an Order finding the actions of Defendant to be intentional and willful, and applying a 3-year statute of limitations for the FLSA claims;

f. For an Order declaring Defendant's unlawful pay practices to be without a good faith basis under the FLSA and awarding liquidated damages;

g. For an Order appointing Plaintiff as Class Representative to represent the interests of the FLSA Class and the Pennsylvania PMWA, WPCL, and Common-law Class;

h. For an Order appointing Plaintiff's Counsel as Class Counsel for the Rule 23 Pennsylvania Class;

i. For an Order awarding attorney's fees and costs pursuant to the FLSA, PMWA, and the WPCL;

j. For an Order awarding prejudgment interest;

k. For an Order awarding service award fees to the Plaintiff under the FLSA, PMWA and the WPCL;

l. For an Order awarding Plaintiff and the Putative Class the values of all underpaid and underfunded 401k earnings; and

m. For an Order granting such other and further relief as may be necessary and appropriate in equity.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Dated: August 14, 2023

By: /s/ Joshua P. Ward
Joshua P. Ward (Pa. I.D. No. 320347)
Justin M. Bahorich (Pa. I.D. No. 329207)

J.P. Ward & Associates, LLC.
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

*Counsel for Plaintiff and*

*the Prospective Class*